J. O. Construction & Development Corporation, Appellant, *v.* Philip Cuendet, as Administrator C. T. A. of Emil L. Cuendet, Deceased, Respondent.

First Department, December 18, 1951.

*Abraham J. Yasgour* for appellant.

*Leo A. Greenbaum* of counsel (*Geiger & Geiger,* attorneys), for respondent.

*Per Curiam.* The parties entered into a contract whereby defendant agreed to sell and convey to plaintiff certain real property subject to a first mortgage " the principal being due and payable August 1, 1952."

The contract also provided that the premises were sold subject to survey facts, " provided same does not render title unmarketable." All sums paid on account of the contract were to be returned if the seller was unable to convey title in accordance with the agreement.

A search of title made by a title company disclosed that the first mortgage then a lien on the premises was an installment payment mortgage requiring amortization of $115 quarter-annually and was not a standing mortgage as represented in the contract. The title company also raised objections affecting the marketability of title as follows:

" (3) The brick elevator shaft above the party wall between the premises herein and the premises adjoining on the West encroaches 2 inches more or less on and over the premises adjoining on the West. * * *

" (5) Iron frame of sliding ladder in rear of premises described in Schedule ' A ' projects 10 inches on premises adjoining on the North and connects roof of brick basement extension in rear of premises on premises described in Schedule ' A ' with yard on premises adjoining on the North."

On the date finally fixed for the closing of title, defendant informed plaintiff that the objections had not been overcome. Plaintiff then tendered the balance of the purchase price and rejected the title offered by defendant. Thereafter this action was brought to recover the amount paid by plaintiff on account of the purchase price.

Though on the trial there was conflict in the testimony as to plaintiff's actual knowledge at the time of entering into the contract of the amortization provisions of the mortgage, the proof showed the existence of the elevator housing and ladder encroachments for many years. The court held that plaintiff knew of the amortization provisions of the mortgage, but did not pass on the defendant's counterclaim for reformation. It dismissed plaintiff's complaint. Notwithstanding that the proof tended to show the existence of the encroachments for fifteen years or more, any adjudication thereon would not be binding on the adjoining property owners, who were not parties to this suit. Removal of the ladder, it appears, would have created another violation by leaving the property without adequate fire exits from the rear.

We think in the circumstances plaintiff is entitled to recover the sum of $3,000 deposited on account of the purchase price.

The judgment should be reversed, and judgment rendered in the sum of $3,000 in favor of plaintiff, with costs. Submit findings accordingly.

DORE, J. (dissenting). After reading the record, I vote to affirm as I am convinced as the Trial Justice was that this buyer was trying to escape from the bargain by building up and emphasizing objections that did not render the title unmarketable. The credibility of the witnesses was clearly for the trier of the facts and the testimony accepted by the Trial Justice is, in my opinion, overwhelmingly supported by the record. The evidence preponderates in favor of defendant.

For the reasons stated by the learned trial court in its decision covering each of the objections made and on the preponderance of the evidence in defendant's favor, I dissent and vote to affirm.

GLENNON, J. P., COHN, CALLAHAN and SHIENTAG, JJ., concur in *Per Curiam* opinion; DORE, J., dissents and votes to affirm.

Judgment reversed, with costs, and judgment rendered in the sum of $3,000 in favor of plaintiff, with costs. Submit findings accordingly. Settle order on notice. [See *post,* p. 790.]